# UNITED STATES BANKRUPTCY COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No.: 20-81780 |
| SWIFT HOSPITALITY GROUP, | ) Chapter 7 |
| INC., | ) |
| | ) Hon. Thomas M. Lynch |
| Debtor. | ) |
| | ) **Hearing Date: November 17, 2021** |
| | ) **Hearing Time: 11:00 A.M.** |
| | ) **via telephone using** |
| | ) **Zoom for Government** |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that, on Wednesday, November 17, 2021, at 11:00 a.m., or as soon thereafter as counsel may be heard, I will appear before the Honorable Thomas M. Lynch, or any judge sitting in that judge's place and present the **Trustee's Motion to Approve Sale of Debtor's Personal Property Free and Clear of Liens and Encumbrances and to Limit Notice**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 160 291 5226 and the password is 852255. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: October 27, 2021                     Respectfully submitted,

**ZANE ZIELINSKI, NOT INDIVIDUALLY BUT AS CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SWIFT HOSPITALITY GROUP, INC.**

Reed Heiligman (No. 6294312)
HILTZ ZANZIG & HEILIGMAN LLC
53 West Jackson Blvd., Suite 1301
Chicago, Illinois 60604                     By: /s/Reed Heiligman
Telephone: 312.566.9008                           (One of his Attorneys)
reed@hzhlaw.com

**UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>SWIFT HOSPITALITY GROUP, INC.,<br><br>Debtor. | )<br>)  Case No.: 20-81780<br>)  Chapter 7<br>)<br>)  Hon. Thomas M. Lynch<br>)<br>) |

**TRUSTEE'S MOTION TO APPROVE SALE OF
DEBTOR'S PERSONAL PROPERTY FREE AND CLEAR OF LIENS
AND ENCUMBRANCES AND TO LIMIT NOTICE**

Zane Zielinski, not individually but as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Swift Hospitality Group, Inc. (the "Debtor"), by his attorneys, Hiltz Zanzig & Heiligman LLC, pursuant to section 363(f) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), respectfully requests entry of an order authorizing the Trustee to sell the property described herein, free and clear of liens and encumbrances. In support of his motion (the "Motion"), the Trustee states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue of the above-captioned case (the "Case") and of this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (M), (N) and (O).

3. The statutory bases for the relief sought in this motion are 11 U.S.C. § 363(f) and Rule 6004 and 2002 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

4. On October 27, 2020 ("Petition Date"), the Debtor, Swift Hospitality Group, Inc., filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois, Western Division.

5. Zane L. Zielinski is the duly appointed chapter 7 bankruptcy trustee.

6. As of the Petition Date, the Debtor owned an interest in Rantoul Lodging, LLC ("Rantoul") which operates a Holiday Inn Express in Rantoul, Illinois.

7. According to Debtor's Schedules, Debtor owned a 13% membership interest in Rantoul as of the Petition Date. According to the records of Rantoul, Debtor owned a 12.782% membership interest in Rantoul as of the Petition Date.

8. Pursuant to Article XI.F. of Rantoul's Articles of Organization, upon a member's dissociation from the LLC pursuant to Section 35-45 of the Illinois Limited Liability Act, Rantoul is required to purchase the interest of the dissociated member ("Purchase Provision").

9. Section 35-45(7)(A) of the Illinois Limited Liability Act provides that a member is dissociated from a Limited Liability Company upon the member becoming a debtor in bankruptcy.

10. Pursuant to the Purchase Provision, Rantoul was to purchase the Debtor's interest in Rantoul for "fair value" as determined by a reputable firm of accountants employed by Rantoul.

11. Rantoul obtained an appraisal report for Debtor's interest from Shaw Business Valuation & Litigation Support, LLC as of the Petition Date ("Appraisal Report").

12. The conclusion of the Appraisal Report was that the value of Debtor's 12.782% interest in Rantoul was $6,442.00 as of the Petition Date. A copy of the summary page of the Appraisal Report is attached hereto as **Exhibit A**.

13. The Trustee took exception to certain deductions which were included in the Appraisal Report and asserted to Rantoul that the Debtor's interest should be in excess of $40,000.00.

14. After good faith and arms' length negotiations, the parties now agree, subject to approval of this court, that the Trustee shall sell the Debtor's interest in Rantoul back to Rantoul, pursuant to 11 U.S.C. § 363(f), in exchange for Rantoul paying the Trustee $18,000.00. Additionally, and as further consideration for Rantoul purchasing the Debtor's interest for $18,000.00, the Trustee and Rantoul, its members and managers, shall mutually release one another from all claims as set forth in the motion to approve compromise filed contemporaneously herewith. The bill of sale and releases detailing this agreement are collectively attached as **Exhibit B** (collectively, the "Settlement Agreement").

15. The trustee submits that this sale is in the best interest of the bankruptcy estate.

**RELIEF SOUGHT**

16. Pursuant to 11 U.S.C. §§ 363(f), the Trustee requests authorization to sell his membership interest in Rantoul to Rantoul for $18,000.00.

**BASIS FOR THE RELIEF SOUGHT**

17. All property rights belonging to the debtor become assets of the bankruptcy estate. *Koch Refining v. Farmers Union Cent. Exch. Inc.*, 831 F.2d 1339, 1343 (7th Cir. 1987), *cert. denied*, 485 U.S. 906 (1988). Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Pursuant to 11 U.S.C. § 54l(a), the membership interest constitutes property of the Debtor's estate.

18. In determining whether to approve a sale outside the ordinary course of business, various standards have been used, including a business judgment test, a good faith test

determining whether the sale is fair and equitable, and a test to assess whether the transaction is in the best interest of the estate. *See, e.g., In re Olde Prairie Block Owner, LLC*, 2011 WL 1692145, *7 (Bankr. N.D. Ill. May 3, 2011); *In re Zeigler*, 320 B.R. 362, 381 (Bankr. N.D. Ill. 2005).

19. The Seventh Circuit has held that such a sale may be approved where the trustee has an "articulated business justification." *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991); *see also In re Telesphere Communications, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1999).

20. Moreover, a trustee's business judgment is entitled to substantial deference with respect to the procedures to be used in selling an estate's assets. *In re Efoora, Inc.*, 472 B.R. 481, 488 (Bankr. N.D. Ill. 2012). The paramount goal in any proposed sale of property of the estate is to maximize the estate. *See, e.g., Corp. Assets, Inc. v. Paloian*, 368 F.3d 761, 765 (7th Cir. 2004) (in a bankruptcy sale, the "governing principle . . . is to secure the highest price for the benefit of the estate and creditors.").

21. The Trustee respectfully submits that in the exercise of his business judgment, the approval of the Settlement Agreement is both fair and equitable and in the best interests of the Debtor's estate, and the Debtor's creditors.

**LIMITED NOTICE**

22. The Trustee has sent at least twenty-one (21) days' notice of this Motion to the Debtor, the United States Trustee, counsel to Rantoul Lodging, LLC via CM/ECF, the creditors holding the ten largest filed general unsecured claims via US Mail, and all other parties requesting notice of pleadings by CM/ECF. The Trustee submits that no other or further notice need be provided under the circumstances.

**WHEREFORE**, Zane L. Zielinski requests that this Court enter an order substantially in the form submitted herewith granting the relief requested and granting such other and further relief as the Court deems just.

Dated: October 27, 2021              Respectfully submitted,

                                          **ZANE ZIELINSKI, NOT INDIVIDUALLY BUT AS CHAPTER 7 TRUSTEE OF SWIFT HOSPITALITY GROUP, INC.**

                                          By: /s/    Reed Heiligman
                                                  (One of his Attorneys)

Reed Heiligman (No. 6294312)
**HILTZ ZANZIG & HEILIGMAN LLC**
53 West Jackson Blvd., Suite 1301
Chicago, Illinois 60604
Telephone: 312.566.9008
reed@hzhlaw.com

## CERTIFICATE OF SERVICE

      I, Reed Heiligman, an attorney, hereby certify that, on October 27, 2021, I caused a true and correct copy of the foregoing **Notice of Motion** and **Trustee's Motion to Approve Sale of Debtor's Personal Property Free and Clear of Liens and Encumbrances and to Limit Notice** to be served on the following via the indicated means:

### VIA CM/ECF:

Kim M. Casey, kcasey@hkrockford.com
David L Davitt, ddavitt@rockriverlaw.com, bethhugdahl@rockriverlaw.com; davittlegal@gmail.com; l.dr74245@notify.bestcase.com
Lisa A Gabriel, gabriel@wmpj.com, teresa@wmpj.com
Robert W Glantz, rglantz@foxrothschild.com, orafalovsky@foxrothschild.com
Cari A Kauffman, ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com
Patrick S Layng, USTPRegion11.MD.ECF@usdoj.gov
Thomas J Lester, tlester@aghllaw.com, ssanders@aghllaw.com
Jason H Rock, jrock@bslbv.com, pthiering@bslbv.com; rock.jasonh.r73763@notify.bestcase.com
Thomas P. Sandquist, tsandquist@wilmac.com, vjones@wilmac.com
Zane Zielinski, trustee@zanezielinski.com, zzielinski@ecf.axosfs.com

### VIA US MAIL:

Citizens State Bank
Thomas J. Lester
6735 Vistagreen Way, Ste. 110
Rockford, IL 61107

Schaumburg Lodging, LLC
c/o Thomas P. Sandquist
120 West State Street #400
Rockford, IL 61101

Sand Lodging, Inc.
c/o Barrick Switzer Long et al
6833 Stalter Drive
Rockford, IL 61108

Normal Lodging, LLC, et al
% Thomas P. Sandquist
WilliamsMcCarthy, LLP
120 W. State Street
P.O. Box 219
Rockford, IL 61105-0219

Cornerstone Credit Union
550 W. Meadows Drive
Freeport, IL 61032

Freidag Associates Inc
50 W. Douglas Street, Suite 400
Freeport, IL 61032

Springfield Lodging, LLC
c/o Thomas P. Sandquist
120 West State Street #400
Rockford, IL 61101

Solutions Bank
996 W Fairview Rd
Freeport, IL 61032

                                                /s/ Reed Heiligman